UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. H-16-408 |
| ANDREW IAN FARMER<br>THOMAS GALEN MASSEY | |

**UNITED STATES' OMNIBUS RESPONSE TO DEFENDANT FARMER'S DISCOVERY<br>MOTIONS FILED OCTOBER 11, 2016**

The United States of America, by and through its undersigned attorneys, respectfully submits the following omnibus response to defendant Farmer's discovery motions filed on October 11, 2016.

The United States is in the process of providing discovery to the defendants. The discovery in this case includes a massive amount of data. On October 18, 2016, the United States produced eleven DVDs and two 250 GB external hard drives. The two external hard drives contain approximately 300 GB of documents collected by the SEC in its civil investigation of Andrew Farmer and Chimera. The United States has made the hard drives available to the attorney for defendant Massey, and—once they have copied the data and returned the drives—the United States will ship the drives to the attorneys for defendant Farmer for them to copy and return. It should be noted that the attorneys for defendant Farmer already have most of these documents through discovery in the SEC civil lawsuit against Farmer filed in the Southern District of Texas, Civil No. 4:14-cv-2345. Defendant Massey was not a party to that lawsuit.

In addition, the United States is currently processing an additional 44 GB of emails obtained from Google, Inc. and 19 GB of emails obtained from Yahoo! pursuant to search warrants. After this data has been processed, the United States will make these emails available in discovery.

On October 11, 2016, defendant Farmer filed six discovery motions, most of which are boilerplate motions that can be denied as moot in light of the fact that the United States is in the process of providing discovery to the defendants.

**1.      Motion for Early Production of Witness Statements**

The United States opposes Defendant Farmer's request that the Court set a deadline of October 24 for the production of witness statements as defined by Rule 26.2 and the Jencks Act.[1] As the defendant acknowledges, Rule 26.2 and the Jencks Act only require the United States to produce such statements at the conclusion of the witness's direct examination, although the United States has no intention of waiting that long to provide the statements.  However, the trial in this case is currently set for November 21, 2016.  Even if no continuances are granted, October 24 would be approximately one month before trial, which is not a reasonable deadline for the production of witness statements.  Indeed, the United States is likely to continue to interview potential witnesses after October 24, which could generate additional Jencks material after the requested deadline.

The United States intends to fully comply with the requirements of Rule 26.2 and the Jencks Act.  Moreover, the United States has already provided the defendants with transcripts of all of the depositions and statements of witnesses that were a part of the SEC investigation.  Also, the United States is preparing to produce FBI 302s of pertinent witness interviews.

Accordingly, the United States has already provided and intends to continue to provide the defendant with much of what he seeks.  However, the United States is opposed to a rigid, premature deadline set so far in advance of trial as to be impracticable.

---

[1] Defendant's motion requests a deadline of "October 24, 2015," which the government presumes was intended to be "October 24, 2016."

**2.      Motion for Disclosure of Favorable Evidence**

This is a boilerplate motion for production of evidence discoverable under *Brady*. The United States intends to fully comply with its disclosure obligations under *Brady*. Accordingly, this motion should be DENIED AS MOOT.

**3.      Motion for Disclosure of Rule 404(b) Evidence**

This is a boilerplate motion for disclosure of Rule 404(b) evidence. Rule 404(b)(2) requires the United States to provide reasonable notice of the general nature of any evidence intended to be introduced under Rule 404(b). As soon as the United States has determined what, if any, evidence it will seek to introduce at trial pursuant to Rule 404(b), the United States will provide the required notice to the defendants in a timely manner. Accordingly, this motion can be DENIED AS MOOT.

**4.      Motion for Disclosure of Promises of Favorable Treatment or Threats of Prosecution Made to Government Witnesses**

In this motion, defendant Farmer requests inspection of "all documents setting out in detail all offers of immunity, promises of leniency, or threats of prosecution communicated to any witness in this case." To the extent this motion is requesting disclosure of impeachment information, the United States intends to fully comply with its disclosure obligations under *Giglio*. Accordingly, the motion can be DENIED AS MOOT.

However, the defendant's motion goes further and requests "all memoranda, agreements or reports of, with or from the Department of Justice, the United States Attorney's Office, the Department of the Treasury, and/or any other Department of the United States which was in any way related to such decisions." Therefore, the motion is requesting internal deliberations of the attorneys for the government. This request must be denied by the Court because such items are

not discoverable under *Giglio*, the Federal Rules of Criminal Procedure, or any other legal theory, and they are privileged.

Indeed, internal government deliberations are not *Giglio* because they cannot be used to impeach a witness. Furthermore, internal government deliberations are specifically exempted from disclosure by Federal Rule of Criminal Procedure 16(a)(2), which states:

> this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. P. 16(a)(2); see also United States v. Mann, 61 F.3d 326, 331 (5th Cir. 1995) (discussing reports of government agents and noting "[a]s an internal government document produced by government agents in connection with the investigation of this case, the reports at issue clearly fall within the ambit of [Rule 16(a)(2)], and thus are exempted from discovery.").

Also, the documents requested by the defendant are not discoverable because they are privileged under the attorney work product, attorney-client, and deliberative process privileges. See In re United States, 397 F.3d 274, 285 (5th Cir. 2005) (holding internal government deliberations regarding capital charging practices were privileged and not discoverable). Like the defendant in In re United States, here the defendant is requesting internal government deliberations, including communications with and deliberations made by various levels of the Department of Justice, which are not discoverable. See id. at 285-86.

Consequently, the defendant's motion should be DENIED.

**5.   Motion for Electronically or Video-Recorded Material**

This motion is mostly a boilerplate request for disclosure of any recordings of the defendant, pursuant to Rule 16(a)(1)(B) (Defendant's Written or Recorded Statement), and recordings of any video-recorded conversations of any witness under Rule 26.2 and the Jencks

4

Act. The United States will provide all of the defendant's recorded statements that are discoverable under Rule 16. Additionally, the defendant's request for recorded witness statements is duplicative of his Motion for Early Production of Witness Statements. As discussed previously, the United States intends to fully comply with the requirements of Rule 26.2 and the Jencks Act. Accordingly, this request should be DENIED AS MOOT.

Furthermore, the motion makes a specific request for the recorded testimony of Baldemar Rios, Carmina Sanchez, and Dr. Fernando Flores-Avila taken by the SEC. There is no recording of the testimony of Baldemar Rios before the SEC, however the United States has already produced the transcripts of his testimony. In addition, the United States has produced the transcripts of the testimony of Carmina Sanchez and Dr. Fernando Flores-Avila. Also, the testimony of Carmina Sanchez and Dr. Fernando Flores-Avila was video recorded, but these recordings are not currently in the possession of the United States. The United States has requested copies of the recordings from the SEC, and will produce them after they are received. Accordingly, this request should be DENIED AS MOOT.

The motion also requests the government file a list of all recorded conversations in writing with the Court. This request is duplicative of the defendant's requests for disclosure. The United States has already indicated it will provide all witness statements that are discoverable; therefore, there is no need to file a list with the court. Accordingly, this request should be DENIED AS MOOT.

6.  **Motion for Discovery Pursuant to Rule 16(a)(1)**

This is a boilerplate motion for disclosure of Rule 16 evidence. The United States intends to fully comply with its discovery obligations under Rule 16. Accordingly, this motion can be DENIED AS MOOT.

5

In addition, Defendant's motion only requests discovery pursuant to Rule 16(a)(1)(A)-(F), omitting subparagraph (G) (Expert witnesses).  However, the attorney for defendant Farmer sent the United States a letter dated September 27, 2016, which requested that the government provide disclosure of expert witnesses pursuant to Rule 16(a)(1)(G).  In compliance with the defendant's request, the United States provides notice to the defendant that, at this time, it does not intend to introduce any testimony pursuant to Rules 702, 703, or 705.  However, if the situation changes and the United States later decides that it will introduce such testimony, the United States will provide the defendant with the information required by Rule 16(a)(1)(G).

    Respectfully submitted,

    KENNETH MAGIDSON
    UNITED STATES ATTORNEY

    /s/ Justin R. Martin
    Justin R. Martin
    Assistant United States Attorney
    1000 Louisiana Street, Suite 2300
    Houston, Texas 77002
    (713) 567-9000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, which was filed electronically, has been delivered automatically to the attorneys for the defendants by the ECF system.

/s/ Justin R. Martin_____
Justin R. Martin
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDREW IAN FARMER<br>THOMAS GALEN MASSEY | CRIMINAL NO. H-16-408 |

ORDER

Pending before the Court are six motions filed by defendant Farmer on October 11, 2016, and the United States' omnibus response. Having considered the motions and the responses,

IT IS ORDERED that the defendant's motions are DENIED AS MOOT.

Signed at Houston, Texas, this ___ day of _____, 2016.

_____
UNITED STATES DISTRICT JUDGE