IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) <br> ) Criminal No. 4:16-CR-00408 <br> ) |
| vs. | ) <br> ) |
| ANDREW IAN FARMER (1) | ) <br> ) |

**DEFENDANT ANDREW FARMER'S REPLY IN SUPPORT OF HIS
MOTION TO COMPEL *BRADY* MATERIAL AND
<u>MOTION TO COMPEL DISCOVERY UNDER RULE 16</u>**

TO THE HONORABLE JUDGE VANESSA GILMORE:

Defendant Andrew Ian Farmer ("Defendant" or "Mr. Farmer") replies to the government's opposition to his Motion to Compel *Brady* Material and Motion to Compel Discovery under Rule 16. In support thereof, Mr. Farmer respectfully shows the following:

**I.
<u>ARGUMENT</u>**

The government's response is flawed in that (1) it fails to address Defendant's Motion to Compel Discovery Under Rule 16, and (2) ignores critical facts in *Skilling* that distinguish that case from the circumstances present here.

**A.     Farmer's Motion to Compel Discovery under Rule 16 is Uncontroverted.**

In his Motion to Compel, Farmer argues that the data dump employed by the government in this matter does not comply with Rule 16, which requires the government to produce items that it intends to use at trial or are material to the defense. Here, the government has or is likely to produce its entire file, effectively burying Rule 16(a) documents. And, when Mr. Farmer

pointed out the absurdity of the government's statement that it intends to use every one of those documents at trial, the government had no response. The government has failed to comply with Rule 16. Mr. Farmer respectfully requests that the Court order the government to comply with Rule 16 by identifying in good faith the documents that it intends to use at trial.

### B. This Case Is Distinguishable from *Skilling*.

The government contends that the Fifth Circuit has repeatedly rejected Mr. Farmer's argument that merely open file discovery complies with the government's *Brady* obligations. But the government ignores the fact that the government in *Skilling* supplied the defense with both "hot documents" and "indices," neither of which have been produced in this matter. Unlike here, the prosecutors "did much more than drop several hundred million pages on Skilling's doorstep." *United States v. Skilling*, 554 F.3d 529, 557 (5th Cir. 2009). Thus, *at the very* least, the government should produce "hot docs" and "indices," as it did in *Skilling*.

The other Fifth Circuit cases cited by the government are likewise distinguishable. Generally when information is fully available to a defendant and his only reason for not obtaining and presenting the evidence to the court is his lack of reasonable diligence, the defendant has no *Brady* claim. *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990). In *United States v. Runyan*, a case relied on by the government in supporting this contention, the entirety of the pertinent evidence was able to fit on a lone CD. *United States v. Runyan*, 290 F.3d 223, 247 n.15 (5th Cir. 2002). Thus, unlike here, "it would not [have taken] long at all to view all the" relevant files. *Id.*

In contrast, the government has or is still in the course of producing over 1 TB of information. In its response, the government claims there are roughly 700,000 pages of emails,

roughly 10% of which belong to Farmer.[1] Response at 44 [Dkt. 46]. This means that at the very least there are still 620,000 pages of email that do not involve Mr. Farmer. Moreover, in reciting this figure the government ignores the voluminous other production it has made to date. These documents include (1) over 200 GB from the SEC matter; (2) bank records; (3) 302s; (4) recordings; and (5) search warrants and accompanying affidavits. Additionally, based on the government's past conduct to date, discovery likely will continue to dribble in even though trial is less than 90 days away. Thus, even with reasonable due diligence by Mr. Farmer, there is no guarantee that he will be able to identify *Brady* material due to the sheer volume of such data. Farmer's case is thus clearly distinguishable from those cited by the government. Consequently, the need for identification of *Brady* material, or at the least "hot documents," is essential to the defense.

## II.
## CONCLUSION

Mr. Farmer requests that the Court order the government, within ten days of such order or as otherwise deemed appropriate by the Court, to (1) identify Brady material within its data dump and (2) identify documents produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

---

[1] Defendant Farmer still does not have the AOL production cited to in the government's Response. As represented by the government, the AOL emails are over twice the volume of the google, yahoo and godaddy emails. Without the emails Mr. Farmer is unable to verify the accuracy of the page count.

Dated: February 6, 2017.

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

*/s/ Jeff Ansley*
Jeffrey J. Ansley
State Bar No. 00790235
jeffa@bellnunnally.com
3232 McKinney Ave., Suite 1400
Dallas, Texas 75204
(214) 740-1408 – Telephone

**EDMUNDSON PLLC**
J. Kevin Edmundson
State Bar No. 24044020
Kevin@edmundsonpllc.com
21209 Highway 71 West, Suite 3
Spicewood, Texas 78669

**SMYSER KAPLAN & VESELKA LLP**

Karima G. Maloney
State Bar No. 24041383
David Isaak
State Bar No. 24012887
700 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 221-2382 (telephone)
kmaloney@skv.com
disaak@skv.com

**ATTORNEYS FOR DEFENDANT
ANDREW IAN FARMER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served by electronic transmittal by CM/ECF to opposing counsel on this 6th day of February, 2017.

*/s/ Jeff Ansley*
Jeffrey J. Ansley

3074656_1.DOCX