UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Case No. 4:16-CR-00408 |
| § | |
| ANDREW IAN FARMER ET AL. § | |
| § | |

### UNITED STATES' RESPONSE TO VICTIM HAZIM A. ABDUL-RESOUL'S MOTION FOR THE RELEASE OF FUNDS

The United States of America ("United States") has no position regarding Victim Hazim A. Abdul-Resoul's Motion for Release of Funds (Dkt. 694).

Based on conversations with the Mr. Abdul-Resoul's attorney, the United States believes the victim is actually seeking to have the Court modify its initial restitution order(s) and prioritize Mr. Abdul-Resoul's claim, pursuant to 18 U.S.C. § 3664(i). Section 3664(i) states, in relevant part, "[i]f the court finds that more than 1 victim has sustained a loss requiring restitution by a defendant, the court may provide for a different payment schedule for each victim based on the type and amount of each victim's loss and accounting for the economic circumstances of each victim." 18 U.S.C. § 3664(i). The Court has currently ordered a pro rata payment schedule for the victims based on the amount of their respective losses.

The United States notes for the Court that the instant matter has 1000+ victims that were awarded restitution between the seven criminal Defendants. Because Mr. Abdul-Resoul's claim is potentially seeking to modify the interests of the other 1000+ victims already awarded by the Court, the United States is unsure whether notice and an opportunity to participate in this process should be provided to the other victims by Mr. Abdul-Resoul.[1]

---

[1] The current order(s) by the Court awards each victim a pro rata share of the funds collected from the Defendants, meaning that, in theory, if funds are collected, each victim should receive *some* restitution. If Mr. Abdul-Resoul's requested relief is granted, then it is possible that some victims will not receive anything if the collected restitution

The United States also notes that 18 U.S.C. §3664(j) allows a victim to pursue restitution outside of the criminal matter. Section 3664(j)(2) specifically mentions a victim recovering their damages through a Federal or State civil proceeding, and the Court reducing the ordered criminal restitution amount by the civilly recovered amount.

The United States is willing to provide any additional information that may aid the Court in this matter.

Respectfully submitted this 23rd day of January 2024.

                                              Respectfully submitted,

                                              ALAMDAR S. HAMDANI
                                              United States Attorney

By:     /s/ *Anthony Franklyn*
           Anthony Franklyn
           Assistant United States Attorney
           Texas Bar No. 24091754
           SDTX Admission No. 3380634
           1000 Louisiana, Suite 2300
           Houston, TX 77002
           Phone: 713-567-9331
           Fax: 713-718-3405
           Anthony.franklyn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024, a true and correct copy of this Response was sent to all parties of record via the Court's ECF system.

                                              /s/ *Anthony Franklyn*
                                              Anthony Franklyn
                                              Assistant United States Attorney

---

amount does not exceed Mr. Abdul-Resoul's loss. The United States is unaware of any caselaw regarding notice to victims regarding a modification of a restitution order, but does note for the Court that pursuant to 18 U.S.C. § 3664(g)(1), "[n]o victim shall be required to participate in any phase of a restitution order."