Case 4:16-cr-00408   Document 731   Filed on 06/27/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:16-0408-1 |
| | § | CIVIL ACTION NO. 4:22-4307 |
| ANDREW IAN FARMER, | § | |
| BOP # 14677-479 | § | |

## MEMORANDUM OPINION AND ORDER

Federal inmate Andrew Ian Farmer, proceeding *pro se*, filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Dkt. 661).[1] Farmer challenges his 2021 conviction for securities fraud and conspiracy to commit wire fraud and securities fraud. The Government a response in opposition (Dkt. 684) and argues that the motion should be denied without further proceedings. Having considered the motion, the response, the applicable law, and all matters of record, the Court will **deny** Farmer's motion for the reasons explained below.

I.  **BACKGROUND**

Farmer is serving a sentence for one count of conspiracy to commit wire fraud and securities fraud, 18 U.S.C. § 371, and one count of securities fraud, 15 U.S.C. § 77q(a) & § 77x, in connection with a "pump and dump" scheme to defraud investors. He pleaded

---

[1] Although Court records list Farmer's address at a federal prison in Oklahoma, public online records reflect that he is currently incarcerated at a facility in San Antonio. *See* Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited June 26, 2025). Farmer has not contacted the Court since his transfer and has not provided an updated address as required by Rule 83.4 of the Local Rules of the United States District Court for the Southern District of Texas.

guilty to both counts. At his rearraignment on February 1, 2019, the Government summarized a plea agreement with Farmer, in which he agreed to plead guilty; to fully cooperate with authorities; to waive his right to appeal or to collaterally attack his sentence; to pay restitution; and to forfeiture in the amount of $6 million and the imposition of a personal money judgment in that amount (Dkt. 675 (rearraignment transcript), at 6; *see* Dkt. 363 (written plea agreement)).[2] At the time, the amount of restitution had not yet been determined (Dkt. 675, at 6). The Government agreed not to oppose a three-level reduction for acceptance of responsibility, if Farmer clearly demonstrated acceptance of responsibility, and to dismiss the remaining counts (*id*. at 6).

Under oath at his rearraignment, Farmer testified that he was satisfied with the representation from his counsel (*id*. at 2-5). He also testified that he understood the terms of the plea agreement, that no one had forced him to plead guilty or made promises, that he understood the maximum penalties for both counts, that his sentence would not be determined until after the Pre-Sentence Investigation Report (PSR) was prepared, that the Court had authority to impose a sentence above or below the sentencing guideline range, and that he would be bound by the plea even if the sentence was more severe than he expected (*id*. at 6-10). After the Government summarized the facts establishing Farmer's guilt, Farmer pleaded guilty and signed the plea agreement, swearing that he had read, understood, and willingly signed the agreement (*id*. at 18-19).

The PSR and plea agreement detail the "pump and dump" scheme of Farmer and

---

[2]   The plea agreement excepted a claim of ineffective assistance of counsel from the waiver of Farmer's right to appeal or collaterally attack the judgment (Dkt. 363, at 4-5).

his co-defendants (Dkt. 494 (PSR), at 7-25, ¶¶ 19-73; Dkt. 363, at 8-11). Farmer was the "primary leader" of the conspiracy (*id*. at 10, ¶ 24(a)), which resulted in gross sales of over $50 million (*id*. at 23, ¶ 61; Dkt. 495 (chart attached to PSR)). Farmer filed one objection to the PSR, arguing that the sentences on the two counts against him were not required to run consecutively (Dkt. 496), which the Court overruled.

The Court sentenced Farmer on June 21, 2021. Based on his offense level of 38 and his criminal history, the range of imprisonment under the Sentencing Guidelines was 235-293 months, which was reduced to the statutorily authorized maximum of 120 months (Dkt. 494, at 35, ¶ 134; Dkt. 667, at 3-4 (sentencing transcript)). The Government moved for downward departure under § 5K1.1 of the guidelines. The defense argued for a probated sentence or, in the alternative, 60 months in prison on each count, to run concurrently (*id*. at 5-7). Farmer expressed remorse, stated that he was fully responsible for his actions and the actions of all the persons who worked for him or contracted for him, and stated that "[a]t any point in time I could have and should have walked away or stopped" (*id*. at 8-11).

The Court sentenced Farmer to 60 months on the conspiracy count and 12 months on the securities fraud count, to run consecutively, for a total of 72 months (Dkt. 535 (judgment); Dkt. 667, at 13-15). The Court also imposed a three-year term of supervised release, ordered a special assessment of $200, ordered Farmer to pay restitution in the amount of $8,092,738.49, and included a $6 million money judgment (Dkt. 535; *see* Dkt. 536 (statement of reasons); Dkt. 532 (order imposing money judgment at sentencing)). The amount of restitution was based on 1,900 victim-impact statements and restitution requests

(Dkt. 526 (second addendum to PSR); Dkt. 527 (spreadsheet attached to PSR); Dkt. 667, at 17).

In assessing Farmer's sentence, the Court explained that Farmer was a primary leader in the group with a major role, that he was a founding member, and that he was responsible for defrauding investors of a total loss amount of over $50 million, among other factors (*id*. at 14). The Court considered Farmer's culpability relative to his co-defendants and determined that a 72-month sentence was appropriate (*id*. at 15-16).

In December 2021, the Court amended the judgment on the Government's motion to reflect joint and several designations with two co-defendants (Dkt. 586 (order granting Government's motion to clarify); Dkt. 625 (amended judgment)). The term of imprisonment, total amount of restitution, and other penalties remained the same.

Farmer did not appeal but filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II. <u>LEGAL STANDARDS</u>

A prisoner sentenced by a federal court may move the court under 28 U.S.C. § 2255 to "vacate, set aside[,] or correct the sentence" on one of four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "Review under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012).

A motion under § 2255 requires an evidentiary hearing "unless either (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019) (cleaned up); *see* 28 U.S.C. § 2255(b). If, based on the pleadings and the record, the court can conclude as a matter of law that the movant cannot establish a necessary element for his claim, then an evidentiary hearing is unnecessary. *United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011); *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009); *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998).

Pleadings filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see United States v. Moron-Solis*, 388 F. App'x 443, 444 (5th Cir. 2010).

### III. DISCUSSION

Farmer's motion under § 2255 brings two grounds for relief: (1) his counsel was constitutionally ineffective at sentencing; and (2) a sentencing disparity between Farmer and his co-defendants warrants reduction of his sentence. The Government argues that the motion may be barred by the one-year statute of limitations (Dkt. 684, at 10 n.6) but, more fundamentally, lacks merit and presents no valid basis for relief.

### A. <u>Ineffective Assistance of Counsel</u>

A criminal defendant claiming ineffective assistance of counsel must show that defense counsel rendered deficient performance and that the defendant was prejudiced. *Strickland v. Washington*, 466 U.S. 668 (1984).

> To demonstrate deficient performance, the defendant must show that, in light of the circumstances as they appeared at the time of the conduct, "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." . . . .
>
> To demonstrate prejudice under *Strickland*, [the defendant] must show that counsel's deficient performance was "so serious as to deprive him of a fair trial, a trial whose result is reliable." This requires the showing of a reasonable probability that but for counsel's deficiencies, the result of the proceeding would have been different.

*Rhoades v. Davis*, 852 F.3d 422, 431-32 (5th Cir. 2017) (quoting *Strickland*, 466 U.S. at 687-89, 694).

Farmer argues that his counsel was constitutionally ineffective at sentencing when counsel argued for a probated sentence, despite the sentences received by Farmer's co-defendants:

> At my sentencing hearing, [counsel] argued that I should receive a sentence of probation, even though he and I had discussed that Mr. Grob had already received a sentence of one year and day for his more limited role in the scheme. I told [counsel] that in my opinion he should point out the lower likely sentences for my similarly situated co-defendants Austin and Sieck. The record is clear that Mr. Sieck was an equal partner in the scheme and Mr. Austin was the unquestioned senior partner and chairman. [Counsel's] primary argument for probation, roundly rejected by the Court was contrary to my wishes.

(Dkt. 661, at 4). He claims that his counsel's argument was unreasonable and caused him to receive a higher sentence:

> There is a reasonable probability that this Court would have decided upon a significantly lower sentence had [counsel] argued for a downward departure from the sentence requested by the AUSA instead of asking for probation.

(*id*.).

Farmer's claim that his counsel was deficient when he argued for probation rather than a lower sentence is contrary to the record. The sentencing transcript reflects that Farmer's counsel asked the Court to consider a probated sentence or, in the alternative, that the Court impose two 60-month sentences, running concurrently (Dkt. 667, at 5-7). Farmer thus cannot show that his counsel was deficient because he failed to argue for a shorter term of imprisonment. He also presents no mitigating circumstance or other valid basis on which his counsel could have based a motion for downward departure. He fails to show that his counsel's representation at sentencing fell outside *Strickland*'s wide range of reasonable assistance.

Additionally, Farmer's argument for prejudice under *Strickland*, *i.e.*, that the Court imposed a higher sentence merely because his counsel argued for probation, is unsupported by any specific facts (Dkt. 661, at 4). Conclusory assertions and speculation are insufficient to satisfy *Strickland*. *See Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013). Therefore, his first ground for relief fails on this additional basis.

### B. Sentencing Disparity

In his second ground, Farmer argues that the Court should grant him relief from his 72-month sentence because of a sentencing disparity with his co-defendants Austin and

Sieck, who received 36-month sentences (Dkt. 661, at 5).

Farmer entered into a plea agreement and waived his right to appeal or collaterally attack his sentence except for *Strickland* claims (Dkt. 363, at 4-5; Dkt. 675, at 6). At his rearraignment, under oath, Farmer stated that he understood the plea agreement, that he willingly signed it, and that he understood that his sentence had not yet been determined. He also testified that he understood that, even if the sentence was more severe than he expected, he would be bound by the plea agreement (*id*. at 6-10). His declarations in open court carry a "strong presumption of verity." *See United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019) (cleaned up). The record thus reflects that Farmer's waiver of his right to attack his sentence under § 2255 was knowing and voluntary. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In these proceedings, Farmer offers no specific argument to the contrary. Farmer's claim of a sentencing disparity is waived by his plea agreement.

Additionally, Farmer has not shown that his sentencing-disparity claim present a cognizable basis for relief under § 2255 because he does not demonstrate a constitutional or jurisdictional basis for the claim. *See* 28 U.S.C. § 2255(a); *United States v. Rackstraw*, 85 F.3d 619 (5th Cir. 1996) ("[t]he district court's technical application of the sentencing guidelines does not give rise to a constitutional issue and is not cognizable in a § 2255 proceeding"); *United States v. Peddie*, 990 F.2d 626, *2 (5th Cir. 1993) (claim based on disparity between the defendant's sentence and his codefendants' sentences "is not cognizable under § 2255").

Because the record conclusively shows that Farmer is not entitled to relief, the Court need not conduct an evidentiary hearing. *See United States v. Owens*, 94 F.4th 481, 490 (5th Cir.), *cert. denied*, 145 S. Ct. 218 (2024).

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right."

*Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.     CONCLUSION

For the reasons stated above, the Court **ORDERS** as follows:

1. Farmer's motion for relief under 28 U.S.C. § 2255 (Dkt. 661) is **DENIED**.

2. A certificate of appealability is **DENIED**.

3. By separate order, the Court will enter final judgment in the corresponding civil case, No. 4:22-4307.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on        June 27                , 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE