**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

JUL 1 8 2025

Nathan Ochsner, Clerk of Court

**UNITED STATES OF AMERICA,**

     Plaintiff,

     vs.

**ANDREW IAN FARMER,**

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. 4:16-408-1

(The Hon. George C. Hanks, Jr.)

## UNOPPOSED RENEWED MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 USC § 3582(C)(2) AND AMENDMENT 821 TO THE FEDERAL SENTENCING GUIDELINES: BASED ON USSG § 4C 1.1 ADJUSTMENT FOR ZERO POINT OFFENDERS

I, Defendant Andrew I. Farmer, am filing this renewed motion for a sentence reduction pursuant to Amendment 821 as I believe the past 15 months have only increased the rational for granting the requested relief. I ask the Court's indulgence in reviewing this morion and deciding favorably based on the merits contained herein.

This Motion is filed pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduced sentence based on Part B, Subpart 1 of Amendment 821 to the Sentencing Guidelines 18 U.S.C. § 3582(c)(2) ("zero points amendment"). See U.S. SENTENCING GUIDELINES MANUAL 2023, AMENDMENT 821.

Upon review of the Amendment and the relevant sentencing documents, I am eligible for relief under the 2023 zero points amendment to the U.S. Sentencing Guidelines. Accordingly, because I am a "zero points offender" with no applicable exclusions, I qualify to have the zero points amendment retroactively applied to my sentence.

I consulted with Assistant United States Attorney Justin Martin who was in charge of my prosecution and sentencing. Mr. Martin stated that the United States was unopposed to the sentence reduction requested herein, stating specifically, "the United States maintains the same position filed in its Response at docket number 698".

## I.    Background

I was sentenced to a term of imprisonment of 72 months on June 21, 2021. *See* Doc. #667 (Sentencing Transcript), at 15. My sentencing range was calculated at a total offense level of 38 and a criminal history category of I, resulting in a sentencing range of 235-293 months (with a statutory maximum of 120 months). *Id.*, at 3-4. During my sentencing the Court granted the Government's requested §5K departure and sentenced me below the Guideline range to a term of 72 months imprisonment. *Id.*, at 5 and 15.

## II.    Zero Points Amendment

The zero points amendment applies to a defendant who has no criminal history points under the established provisions of the Guidelines. If the defendant is eligible, his offense level is reduced by two levels below the offense level otherwise produced by applications of Chapters Two and Three of the Sentencing Guidelines.

At the time of my sentencing, I was a zero point offender. *See* Doc. # 494 (PSR), at 98. My offense level at the time of my 2021 sentencing was 38 and I had a criminal history category of I, resulting in a sentencing range of 235-293 months with a statutory maximum penalty of 120

months' imprisonment. *Id.*, at 134. In granting a §5K departure, the Court directed a sentence that was approximately 31% of what would have been specified at the bottom end of the Guidelines (235 x 31% = 72.85 months).

When applying Retroactive Guidelines as it pertains to substantial assistance departures, U.S.S.G. §1B1.10(b)(2)(B) allows for a "comparably less" reduction to the amended guideline range as was applied to the original guideline range at the time of sentencing. However, the reduced term of imprisonment shall not be less than the term of imprisonment the defendant has already served. *See id.*, §1B1.10(b)(2)(C).

Upon application of the new "zero points amendment" to my sentence, the offense level is reduced by two levels to 36. An offense level of 36 and criminal history category of I would result in an amended advisory guideline range of 188-235 months. If the Court were to apply a "comparably less" §5K departure (approximately 31 % of the bottom end of the amended guidelines range), it would result in a reduced sentence of approximately 58 months (188 x 31% = 58.28).

Should the Court apply a "comparably less" reduction based upon substantial assistance to that which was applied during my sentencing, the Court could reduce my sentence to approximately 58 months.

### III.    Relevant Factors

Prior to my incarceration, I was on pretrial release for a term of more than five years. I had a perfect record while on pretrial release, with not a single incident, in fact over 4 ½ years of my pretrial were done without an ankle monitor and while still being allowed to travel the continental United States.

While incarcerated in the Satellite Camp connected to FCI El Reno, I was assigned to a job at the Unicor Farm as clerk for the Field Financial Administrator. Part of my duties required me to be in the community and as such I was granted community custody. I was often away from the facility without supervision for hours at a time. My disciplinary record for my 38 months on incarceration at the Camp is completely clear.

Upon my transfer to Residential Re-entry on December 3, 2024, I was assigned to Leidel Halfway House in Houston Texas. Less than three weeks after being assigned to the halfway house, I found a good paying job and was released from the Halfway House for 12 hours a day, six days a week for work. During the eight months that I was at the halfway house, I did not have a single incident on my record. I have now been released to independent living/home confinement. I am living on my own in San Leon, TX, however I am confined to my house for non-work hours.

To be clear, since the events that led to my indictment and sentencing, I have led a model life. Not a single disciplinary issue. I regret greatly the crimes that my associates and I committed. These are things that I will live with for the rest of my life. I ask this court to give me the opportunity to start building that new life.

## IV.    **Conclusion**

For the foregoing reasons, I respectfully ask the Court to grant this motion to reduce sentence as I do qualify for a zero-point offender reduction. It is within the discretion of the Court to apply a "comparably less" reduction to the amended Guideline range as was given at the time of sentencing pursuant to the §5K departure. I humbly ask the court to reduce my sentence from 72 months to 58 months. As I am currently scheduled to be transferred to supervised

release on November 17, 2025, the net effect of this reduction will be my immediate transfer to begin serving my 36 months of supervised release.

**Andrew Ian Farmer**
Filing Pro Se

## CERTIFICATE OF CONSULTATION

On June 16, 2025, the undersigned consulted with Assistant United States Attorney Justin Martin regarding this Unopposed Renewed Motion For Reduction Of Sentence and he stated the government is not opposed to the relief requested in this Motion, stating specifically, "the United States maintains the same position filed in its Response at docket number 698".

**Andrew Ian Farmer**
Filing Pro Se

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL CASE NO. 4:16-408-1 |
| | ) | |
| **ANDREW IAN FARMER,** | ) | (The Hon. George C. Hanks, Jr.) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

On Defendant Andrew Ian Farmer's Unopposed Renewed Motion For Reduction Of Sentence, upon consideration of the motion, IT IS ORDERED that the motion is GRANTED and the defendant's previously imposed sentence of imprisonment of 72 months is reduced to 58 months.

Signed at Houston, Texas, on_____2025.



_____
GEORGE C. HANKS, JR.
United States District Judge

July 15, 2025

United States Courthouse
Attn: Clerk of the District Court
PO BOX 61010
Houston Texas 77002-2600


RE:    US V. Farmer
        Criminal Action No. 4:16~408

Dear Sir/Madam:

Please find the enclosed Defendant's Unopposed Renewed Motion For Reduction Of Sentence in
the above referenced matter.

In addition, please note that my mailing address has changed.  I have changed my  mailing
address in the PACER system, and have listed it below as well.


Andrew Farmer
23730 River Place Dr
Katy Texas, 77494

U.S. POSTAGE PAID
FCM LETTER
BACLIFF, TX 77518
JUL 16, 2025

**$6.37**

S2324K500528-09

77208

HOUSTON TX RPDC 773
16 JUL 2025 PM 1 L

9589 0710 5270 1574 2994 46

United States Courthouse
Attn: District Court Clerk
PO Box 61010
Houston, Texas 77208-2600

United States Courts
Southern District of Texas
F I L E D
JUL 1 8 2025
Nathan Ochsner, Clerk of Court

77208-101010

Andrew Farmer
23730 River Place Dr
Katy, TX 77494